UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| STEVE BUCHANAN, | ) | CIV. 10-5091-KES |
| | ) | CR. 07-50118-KES |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ODER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Upon consideration of the record, the court concludes that the petition should be denied.

**BACKGROUND**

On February 13, 2006, law enforcement received information of drug activity occurring at the home of Steve Buchanan. The caller, later identified as Debra Lemonds, relayed that Buchanan offered methamphetamine to her and that she had seen paraphernalia associated with the use and manufacturing of methamphetamine.  Based upon that information, law enforcement contacted Buchanan. After a brief conversation, Buchanan refused to allow agents to search his home without a warrant. Law enforcement then made contact with a confidential informant, later identified as Kyla Shultz. Shultz told law enforcement that Buchanan was manufacturing methamphetamine and implicated herself as well. At the request of law enforcement, Shultz made a

telephone call to Buchanan that was recorded. During that telephone call, Buchanan made several statements that were somewhat incriminating.

Based upon the information provided by Lemonds and Shultz, the telephone call between Shultz and Buchanan, and the contact between Buchanan and law enforcement, law enforcement sought and received a search warrant for Buchanan's residence. While law enforcement was preparing the application for the search warrant, Buchanan was detained so as to protect any evidence from being destroyed. During this detention, Buchanan requested an opportunity to speak with his counsel. Counsel, however, was not contacted. Later, during the execution of the search warrant, Buchanan made several statements to law enforcement. A number of items were recovered during the execution of the search warrant, including a foiler, a Pyrex measuring cup, rubber gloves, and tubing.

Buchanan was charged by indictment on November 20, 2007. The indictment charged Buchanan with manufacturing, or attempting to manufacture, methamphetamine on or about February 2006. Buchanan was appointed counsel to represent him at all stages of the criminal proceeding.

In defense of his client, counsel filed a motion to suppress statements made by Buchanan after he requested the assistance of counsel. Counsel also moved to suppress any evidence obtained as a result of the search warrant arguing that the affidavit in support omitted material facts and contained false

information. After an evidentiary hearing, the magistrate judge recommended that the motion to suppress the statements made by Buchanan be granted while the motion to suppress evidence procured based upon the search warrant be denied. The district court adopted the magistrate judge's recommendation.

A jury trial was subsequently commenced on July 8, 2008. At the close of evidence, defense counsel moved for a judgment of acquittal. The court denied the motion and the jury proceeded to deliberate the matter. On July 9, 2008, the jury returned a verdict of guilty on the charge of attempting to manufacture methamphetamine.

A sentencing hearing was held on October 22, 2008. The court sentenced Buchanan to serve 80 months in custody and four years of supervised release. Buchanan appealed his conviction to the Eighth Circuit. The Eighth Circuit affirmed his conviction on July 27, 2009.

On December 6, 2010, Buchanan filed this petition for writ of habeas corpus. He alleges that he received ineffective assistance of counsel at all stages of his criminal proceedings and, therefore, he asserts his conviction is in violation of the Constitution. After concluding that Buchanan was entitled to an evidentiary hearing on his petition, the court appointed counsel to represent him. The evidentiary hearing was held on September 14, 2011.

**DISCUSSION**

**A.     Timeliness**

Buchanan seeks relief pursuant to 28 U.S.C. § 2255. Title 28 of the

United States Code, section 2255 provides in part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the Judgment of Conviction was filed on October 24, 2008.

Buchanan filed his notice of appeal on October 27, 2008. The Eighth Circuit

issued its opinion affirming the conviction on July 27, 2009. Buchanan then

petitioned for rehearing en banc. This petition was denied on September 8,

2009. Buchanan had 90 days from the date the petition for rehearing was

denied to file a petition for writ of certiorari. See Clay v. United States, 537 U.S.

522, 532 (2003) (federal defendants who do not file a petition for certiorari with

the Supreme Court on direct review have one year after the time for seeking such review expires to file their § 2255 petition). It is from this date that the one-year period of limitations began to run. See Sup. Ct. R. 13(3). Under this statute of limitations, Buchanan would have had until December 7, 2010, to file a petition for writ of habeas corpus. Buchanan filed his petition for writ of habeas corpus on December 6, 2010.  Thus, the court concludes that the petition is timely and will proceed to the merits of the petition.

**B.    Ineffective Assistance of Counsel**

To succeed on a claim of ineffective assistance of counsel, Buchanan must show " '(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense.' " Becker v. Leubbers, 578 F.3d 907, 915 (8th Cir. 2009) (quoting Armstrong v. Kemna, 534 F.3d 857, 863, (8th Cir. 2008)). To demonstrate prejudice, a petitioner must show that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Armstrong v. Kemna, 534 F.3d 857, 867 (8th Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984). Furthermore, " '[j]udicial scrutiny of counsel's performance is highly deferential, including a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.' " Armstrong, 534 F.3d at

5

863 (quoting <u>Middleton v. Roper</u>, 455 F.3d 838, 846 (8th Cir. 2006)). "Failure to establish either <u>Strickland</u> prong is fatal to an ineffective-assistance claim." <u>Worthington v. Roper</u>, 631 F.3d 487, 498 (8th Cir. 2011) (citing <u>Strickland</u>, 466 at 697.

     **1.**    **Hearsay**

Buchanan alleges that he received ineffective assistance of counsel during the trial when his counsel failed to object to the admission of hearsay during the testimony of Shultz or to object to the trial court's failure to state under what exception the hearsay was allowed. Shultz testified that she was acquainted with Buchanan. Trial Transcript, 175: 20-22. During the course of her testimony, the prosecutor asked Shultz how she came to discuss methamphetamine with Buchanan. Shultz replied, "His wife, Pokey, was suspicious." <u>Id.</u> at 178:5. Defense counsel objected and the court overruled the objection. <u>Id.</u> at 178:6-8. Shultz also testified that her friend, Lori, came to South Dakota and taught Buchanan a new way to manufacture methamphetamine. <u>Id.</u> at 185:11-25. Later, the prosecution questioned Shultz regarding Lori's knowledge of manufacturing methamphetamine. On several occasions, defense counsel objected and the court sustained the objection. <u>Id.</u> at 186:1-3; 6-8. Defense counsel also requested a continuing objection on the basis of hearsay to any testimony proffered by Shultz regarding Lori. <u>Id.</u> at

186:13-15. The court overruled the objection at that time and allowed Shultz to testify regarding her observations. Id. at 186:16-17.

The court finds that counsel's manner of dealing with Shultz's testimony was not deficient. He raised several objections, some of which were sustained. Moreover, the court finds that even if counsel's performance could be considered deficient, Buchanan has not shown that but for counsel's failure to prevent the admission of the hearsay evidence, the outcome would have been different.

Buchanan also alleges that he received ineffective assistance of counsel on appeal when his counsel failed to appeal the admission of this hearsay evidence. The Eighth Circuit has held that "[w]hen appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain an ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006) (citing Smith v. Robbins, 528 U.S. 259, 288 (2000)). The Eighth Circuit further stated that "[b]ecause one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue." Link, 469 F.3d at 1205 (citing Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995)).

Here, appellate counsel argued several grounds for the reversal of Buchanan's conviction. Buchanan has not shown that he was prejudiced by appellate counsel's failure to appeal the admission of this hearsay evidence.

7

There is nothing that would indicate that but for counsel's failure to assert this claim on appeal, the outcome of the case would have been different. As a result, the court finds this claim of ineffective assistance fails.

**2.    404(b) Evidence**

Buchanan also alleges that he received ineffective assistance of counsel when his trial counsel failed to object to the admission of 404(b) evidence. As stated previously, Buchanan was charged with attempting, in February of 2006, to manufacture methamphetamine. During the course of the trial, evidence was admitted that in the spring of 2005, Buchanan had access to methamphetamine and had knowledge of how to manufacture methamphetamine. Evidence was also admitted that Buchanan had used methamphetamine in the spring, summer, and fall of 2005. Finally, evidence was presented that during October of 2005, Buchanan was attempting to manufacture methamphetamine and that other individuals were purchasing pseudoephedrine for Buchanan for the purposes of manufacturing methamphetamine. Buchanan contends that these are separate acts from the conduct charged in the indictment and constitute Rule 404(b) evidence. As a result, Buchanan contends that defense counsel rendered ineffective assistance when he failed to object to the admission of such evidence.

First, the court finds that the evidence does not constitute the type of evidence considered under Rule 404(b). Federal Rule of Evidence 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

But the Eighth Circuit has held that " 'where evidence of other crimes is 'so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances; or tends logically to prove any element of the crime charged,' . . . it is admissible as an integral part of the immediate context of the crime charged." United States v. Bass, 794 F.2d 1305, 1312 (8th Cir. 1986) (citations omitted). " 'Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime.' " United States v. Ruiz-Chavez, 612 F.3d 983, 988 (8th Cir. 2010) (quoting United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)). This type of evidence "is not governed by Rule 404(b)." Bass, 794 F.2d at 1312.

Here, the evidence of Buchanan's use of methamphetamine in 2005, knowledge of the process of manufacturing methamphetamine in 2005, and procurement of the ingredients necessary to manufacture methamphetamine

explains the circumstances of the indicted charge of attempting to manufacture methamphetamine in February of 2006. It provides, as the Eighth Circuit stated, a "total picture of the crime charged." Ruiz-Chavez, 612 F.3d at 988.

Buchanan, however, argues that these acts were so removed in time that they are not relevant. The court finds these acts relevant as they were close in time (spring and summer of 2005 through October of 2005) to the charged conduct (February of 2006). See United States v. Washington, 596 F.3d 926, 946 (8th Cir. 2010) (finding that conduct that occurred as early as November 2005 to be close enough in time so as to be relevant to charged conduct occurring in March and April 2006). Thus, having concluded that the evidence was not subject to Rule 404(b), nor characterized as Rule 404(b) evidence by the prosecutor, defense counsel, or the trial or appellate courts, this court cannot find that trial counsel was ineffective for failing to object to the admission of this evidence under Rule 404(b).

Nonetheless, even if the court found that these acts constituted evidence governed by Rule 404(b), the court would still find this claim of ineffective assistance to be without merit. At the evidentiary hearing, trial counsel testified that he chose not to object to the admission of the evidence under Fed. R. Evid. 404(b) as it would have resulted in the court providing the jury with a limiting instruction. Counsel testified that he believed the limiting instruction would have highlighted the evidence. Counsel wanted to avoid the undue attention to

10

evidence that could be used to show preparation, planning, or intent. As a result, counsel chose to object on other grounds.

The Supreme Court has held that to be successful on a claim of ineffective assistance of counsel, a "defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " <u>Strickland</u>, 466 U.S. at 689 (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)). As the Eighth Circuit has stated, "[r]easonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." <u>James v. Iowa</u>, 100 F.3d 586, 590 (8th Cir. 1996).

The court finds that counsel's performance constitutes a reasonable trial strategy. Counsel had appeared before the trial court on numerous occasions and had knowledge of the court's procedures and practices. Counsel's years of experience in trying cases could well have led him to believe that this limiting instruction, while providing a correct statement of the law, would have highlighted the evidence upon which counsel did not want to focus. Based upon counsel's experience with the court, knowledge of the evidence, and the potential that a limiting instruction would have highlighted unfavorable evidence, it was a reasonable trial strategy to refrain from making an objection to the evidence under Rule 404(b). As a result, the court finds that Buchanan has not shown that counsel's performance was deficient, and this claim must be dismissed.

### 3.      Tape Recording

Buchanan also alleges that it was ineffective assistance of counsel when his trial counsel failed to investigate why copies of the recorded telephone conversation between Buchanan and Shultz were introduced rather than the originals. Buchanan asserts that the recording was susceptible to alteration and that counsel should have reviewed the original to insure that no such alterations were made. Additionally, Buchanan testified at the evidentiary hearing that he believes a statement is missing from the recording that was admitted at his trial.

Buchanan, however, does not demonstrate how review of the original recording would have resulted in a different outcome in this matter. There is no indication in the record as to the content of the alleged missing statement or how that missing statement would have changed the outcome of the trial. See Armstrong, 534 F.3d at 867 (quoting Strickland v. Washington, 466 U.S. at 694. As a result, the court finds that Buchanan has not demonstrated he was prejudiced by counsel's actions. Accordingly, this claim fails.

### 4.      Prosecutorial Misconduct

Buchanan also alleges that trial counsel rendered ineffective assistance when he failed to object to prosecutorial misconduct during closing argument. Buchanan alleges that the prosecutor vouched for a witness and misrepresented the facts in evidence.

In determining whether counsel's performance was deficient, the court will examine whether or not prosecutorial conduct occurred. " '[A] two-part test determines whether prosecutorial misconduct has occurred: first, the prosecutor's conduct or remarks must have been improper, and second, the remarks or conduct must have prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial.' " Graves v. Ault, 614 F.3d 501, 507 (8th Cir. 2010) (quoting United States v. White, 241 F.3d 1015, 1023 (8th Cir. 2001)).

Buchanan first alleges that the prosecutor vouched for a witness. The prosecutor stated in his closing remarks as follows:

> Kyla Shultz: I come back to what I asked you in voir dire, ladies and gentlemen, can you judge her as an individual?  I submit to you, ladies and gentlemen, what you observed on that stand was entirely credible. Remember her demeanor while she testified; remember the way she spoke to you; remember specifically a couple of times when she got into areas that she was maybe rambling just a little bit, when she started talking about things she would almost pause like she was visualizing it, talking about that bubble gum. She was talking about taking the basket over; and what was in the basket? That can't be fake, ladies and gentlemen; that was real.

Trial Transcript, 287:15-288:1

The Eighth Circuit has held that "[t]he government may . . . comment on 'the manner of the witness while testifying.' " United States v. Bentley, 561 F.3d 803, 813 (8th Cir. 2009) (quoting United States v. Beaman, 361 F.3d 1061, 1065 (8th Cir. 2004)). Here, the prosecutor was commenting on the demeanor of the witness not the veracity of her testimony. Moreover, the court finds that

13

Buchanan cannot show there is a reasonable probability that if defense counsel would have objected to the statement than the outcome of the trial would have been different.

Likewise, Buchanan asserts that counsel was deficient when he failed to object to the prosecutor's misstatements of the facts in evidence. During his closing argument, the prosecutor referred to the testimony of Debra Lemonds that she " 'saw [Buchanan] using this tan substance;' crystal, some sort of drug. And he said he wanted to learn how to make it."  Trial Transcript, 287:13-15. Buchanan argues that Lemonds' testimony was that he used a tan substance but that she did not refer to it as "crystal."  Defense counsel, however, directly addressed the misstatement of the prosecutor of Debra Lemonds testifying as to Buchanan's use of a tan crystal substance. See id. at 292: 4-12. Defense counsel stated, "Deb talked about some stuff and your recollection controls. My recollection is that she said there was some brown powder and she didn't know what it was. End of story. You can infer and you can speculate - - but that is not proof beyond a reasonable doubt . . . ."  Id. at 292:4-8. As a result, the court finds that counsel's performance in this regard was not deficient. Moreover, the court finds that Buchanan is unable to show that the outcome of this case would have been different had counsel objected to the misstatement by the prosecutor.

14

**5.      Court's Response to Jury Note**

Buchanan also asserts a claim of ineffective assistance based on counsel's failure to object to the court's instruction in response to a jury note. After the jury had commenced deliberation, the court received a note which stated as follows:

> Is our decision based on Buchanan attempting manufacturing on or about Feb, 2006 or does [sic] we go back to October. Is there a certain period of time we are supposed to make our decision on

Jury Note, Docket 64. The court responded stating

> You must make your decision on the charge contained in the indictment.
>
> You will note that the indictment charges that the offense was committed on or about February 2006. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.
>
> You must consider all of the evidence presented at trial in your determination of the Defendant's guilt or innocence.

Docket 65.

Buchanan's argument, though framed as a claim of ineffective assistance, is essentially an assertion that the court's admission of evidence dating back to the spring of 2005 was in error. Counsel brought this issue to the attention of the Eighth Circuit and argued that an impermissible variance existed between the charges set forth in the indictment and the evidence presented at trial. In its opinion, the Eighth Circuit stated, "[w]hile the evidence presented at trial

15

extended as far back as the spring of 2005, that evidence was not materially different from the allegations of the Indictment, and the Indictment fully and fairly apprised Buchanan of the charge he faced at trial. We therefore conclude that any variance that existed as a result of the evidence proffered did not materially prejudice Buchanan." United States v. Buchanan, 574 F.3d 554, 565 (8th Cir. 2009). As a result, the claim that the admission of the evidence was in error has previously been decided by the Eighth Circuit and will not be revisited by this court.

With regard to whether Buchanan received ineffective assistance on this issue, the record reflects that defense counsel did object to a portion of the court's response arguing that the response highlighted the "prejudicially unfair construct amendment of the indictment." Trial Transcript, 306:22-307:17. Thus, counsel acted in an objectively reasonable manner. As a result, the court finds that counsel's performance was not deficient, and this claim must fail.

**6.    Sentencing**

Buchanan further alleges in his petition that he received ineffective assistance of counsel when counsel failed to appeal the use of suppressed statements during the sentencing phase of this matter. Again, Buchanan would have to show that counsel's actions resulted in a deficient performance and that but for counsel's error, the result of the appeal would have been different. See

16

Link v. Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006) (citing Strickland, 466 U.S. at 687-92.

Here, the record reflects that Buchanan's trial counsel initially objected to the use of the suppressed statements during sentencing. The objections were withdrawn, however, based upon an agreement reached between defense counsel and the government whereby, in exchange for the withdrawal of the objections, the government would agree to the removal of a two-level enhancement for unlawful emission of hazardous or toxic substance and a two-level enhancement for obstruction of justice, thus reducing the total offense level to 26. Sentencing Transcript, 2:13-3:2. Based upon this agreement between the parties, the court finds that there was no error in failing to appeal the use of suppressed statements during sentencing.

Buchanan testified at the evidentiary hearing that he did not want to enter into the agreement but that he did so at his trial counsel's behest. Nonetheless, the court finds that counsel's performance at sentencing and on appeal was not deficient and that Buchanan was not prejudiced. The Eighth Circuit has held that "[t]he rules of evidence . . . do not apply in the context of sentencing hearings, and courts may rely on hearsay or other typically inadmissible evidence if that evidence bears sufficient indicia of reliability." United States v. Azure, 596 F.3d 449, 454 (8th  Cir. 2010) (citing United States v. Aldridge, 561 F.3d 759, 767 (8th Cir. 2009). See also United States v.

Replogle, 628 F.3d 1026, 1031 (8th Cir. 2011). Thus, even if the agreement had been appealed there is little likelihood that the result would have been more favorable for Buchanan. As a result, the court concludes that this claim must fail.

### 7.    Alleged Perjury

Buchanan also alleges that it was ineffective assistance to fail to investigate alleged perjury by Agent Tolsma in his application for the search warrant. Buchanan alleges that Agent Tolsma committed perjury in the affidavit for the search warrant when he averred that Shultz stated she provided approximately 50 boxes of pseudoephedrine to Buchanan and again when he averred that Lemonds had recently been to Buchanan's home. Buchanan alleges that Shultz and Lemonds informed the defense investigator that Agent Tolsma's statements were exaggerated and false. Buchanan states that Shultz told the investigator that she only provided 8-10 boxes of pseudoephedrine rather than the 50 boxes reported in the search warrant affidavit. Likewise, Buchanan alleges that Lemonds told the investigator that she hadn't been to Buchanan's home for over a year prior to his arrest. Buchanan asserts that counsel should have moved to reopen the suppression hearing and that failing to do so resulted in ineffective assistance of counsel. Again, the court finds that Buchanan has not shown how this would have resulted in a different outcome.

18

Buchanan had contested the validity of the search warrant affidavit on appeal. As part of his argument, he alleged that the affidavit lacked probable cause and that Agent Tolsma had misstated and omitted material facts. The Eighth Circuit, however, found that the affidavit was supported by probable cause. In finding the affidavit valid, the Eighth Circuit noted that the source of information (Lemonds) had personal knowledge that "Buchanan possessed methamphetamine and indicated that there was a strong chemical odor at his house." Buchanan, 574 F.3d at 562. Additionally, the Eighth Circuit noted that the confidential informant (Shulz) "gave consistent details that indicated Buchanan had been manufacturing methamphetamine at his home . . . ." Id. The Eighth Circuit further noted that though "an affidavit in support of a warrant must contain statements that are truthful . . . [t]his . . . does not require that 'every fact recited in the warrant affidavit is necessarily correct.'" Id., at 563 (quoting Franks v. Delaware, 438 U.S. 154, 164 (1978)).

There is no evidence in the record that would support the contention that the search warrant affidavit is invalid or based upon false testimony. Probable cause existed that supported the warrant, and there is no indication that the witnesses upon whose testimony the affidavit was based would have testified in a manner that would have significantly undermined the validity of the warrant. Shultz never denied providing Buchanan with pseudoephedrine. See Trial Transcript, 196:1-24. Likewise, the record indicates that Lemonds testified at

trial that she had occasion to be in Buchanan's home. See id. at 76:13-14. Additionally, Lemonds never recanted her statement that Buchanan offered her a controlled substance. See id. at 76:7-18. Therefore, there is not a reasonable probability that the outcome would have been different if defense counsel had moved to reopen the issue of suppression. As a result, the court finds that Buchanan has not met his burden of proof to establish an ineffective assistance claim.

### 8.    Urinalysis

At the evidentiary hearing, Buchanan also alleged that he received ineffective assistance of counsel when his counsel failed to submit to the jury the results of a urinalysis conducted on the date of his arrest that showed that Buchanan had not recently ingested methamphetamine. Buchanan alleges that these test results would have rebutted testimony that he used methamphetamine and further impeached Agent Tolsma's credibility. As with the other allegations of ineffective assistance of counsel, Buchanan would have to show that counsel's performance was deficient and that but for counsel's error, there is a reasonable probability that the outcome would have been different. The court finds that Buchanan is unable to demonstrate prejudice. Even if the urinalysis results would have been admitted into evidence, it would not have assisted the jury in determining whether Buchanan committed the offense of manufacturing, or attempting to manufacture, methamphetamine. As

a result, the court finds that Buchanan's claim of ineffective assistance of counsel must be denied.

## CONCLUSION

Based upon the foregoing the discussion, it is the court's conclusion that Buchanan has presented a timely petition, but the petition lacks merit. Accordingly, it is

ORDERED that the petition for writ of habeas corpus (Docket 1) is denied.

Dated October 12, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

21